IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OSCAR A. MEYER,
 Plaintiff,

vs.            Case No. 3:07cr109/LAC/MD

ART LAUER, Representative of
May & Co.,
 Defendant.

## ORDER and
## REPORT AND RECOMMENDATION

  Plaintiff, appearing pro se, initiated this cause by filing a complaint seeking to recover $1,381.00 from the defendant for money he spent on a queen sized mattress set. Plaintiff has also filed a motion to allow him to appear "pro se forma pauperis" and a supporting financial affidavit. For purposes of this recommendation, leave to proceed *in forma pauperis* shall be granted.

  In this case, plaintiff seeks a refund for an allegedly defective mattress set. He claims that he first purchased a mattress set with an unconditional 20 year warranty from Rhodes Furniture during a liquidation sale. After the first mattress set he received was replaced because of a bad odor coming from it, he received a second set, for which he had to pay part of the shipping costs. Plaintiff alleges that the second mattress set was also unsatisfactory due to inferior quality, and he now seeks a full refund for the initial cost of the mattress set and shipping costs he subsequently paid, for a total of $1,391. The identity of the defendant is not clear, but the court surmises that it is the manufacturer of the mattress in question.

  Federal courts are courts of limited jurisdiction, and a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ.

P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).

Merely asserting any sort of federal claim does not establish jurisdiction under 28 U.S.C. § § 1331 and 1343(a)(3). *Lovern*, 190 F.3d at 654 (citation omitted). "Federal jurisdiction requires that a party assert a <u>substantial</u> federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1976)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In this case, plaintiff has not asserted any federal claim and none is apparent from the face of the complaint. And, although diversity of citizenship between the parties exists, because the defendant resides in Indiana and the plaintiff resides within this judicial district, the amount in controversy in this case is only $1,391.00. This is insufficient to establish a basis for diversity jurisdiction. 28 U.S.C. § 1332 (the amount in controversy must exceed the sum of $75,000). Therefore, this court having no jurisdiction over the plaintiff's case, it should be dismissed.

Accordingly, it is ORDERED:
The plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully **RECOMMENDED**:

*Page 3 of 3*

  That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

  At Pensacola, Florida, this 15th day of March, 2007.

           /s/ *Miles Davis*
           **MILES DAVIS**
           **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

  **Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cr109/LAC/MD*